# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-301-JVB-JEM |
| ZORINE KIRBY, *et al.* | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Amend Answer [DE 37], filed by Defendants Zorine Kirby and William Woldt on June 27, 2017, and on Plaintiff's Motion to Strike Defendants' Reply in Support of Motion to Amend Answer and Renewed Motion to Amend and Plaintiff's Motion for Leave to File Sur-Reply [DE 41], filed on July 21, 2017.

On August 14, 2015, Plaintiff filed a Complaint for declaratory judgment regarding liability under an insurance policy. At a Rule 16 Preliminary Pretrial Conference held on February 18, 2016, the Court set a deadline of June 2, 2016, for Defendants to amend their pleadings and a deadline of April 1, 2017, for the close of discovery. On June 27, 2017, after discovery had closed, the Moving Defendants filed the instant Motion to Amend, seeking leave to file an amended answer to add a counterclaim of bad faith and breach of the covenant of good faith and fair dealing against Plaintiff. On July 7, 2017, Plaintiff filed a document entitled "Plaintiff's Response to Defendants' Motion to Amend Answer and Plaintiff's Motion to Strike," in which Plaintiff objected to the Motion to Amend and, additionally, asked the Court to strike an affidavit that was attached as an exhibit to the Motion to Amend. On July 14, 2017, the Moving Defendants filed their reply in support of the Motion to Amend, and on July 21, 2017, filed a response to the Plaintiff's request to strike the affidavit. Plaintiff filed the instant Motion to Strike on July 21, 2017, requesting that the Court strike

the Moving Defendants' reply in support of their Motion to Amend. The Moving Defendants responded to that Motion to Strike on July 28, 2017, and Plaintiff filed a reply on August 11, 2017.

## II. Standard of Review

A party may amend a pleading with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). While "[d]elay on its own is usually not a reason for a court to deny a Motion to Amend . . . the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quotations and citations omitted). An amendment is futile if the new claims "could not withstand a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted." *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993).

A scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Furthermore, under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect in filing a request for extension after the deadline expired was excusable, the Court must "tak[e] into consideration all relevant

2

circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted).

### III. Analysis

The Moving Defendants filed their Motion to Amend more than a year after the deadline to amend the pleadings and almost three months after the close of discovery. In their Motion to Amend, the Moving Defendants acknowledge that the 21-day period in which they could have amended their pleading as a matter of course under Federal Rule of Civil Procedure 15(a) has passed and that discovery has closed. Nevertheless, they argue that delay on its own is not enough reason to deny an otherwise-valid Motion to Amend. The remainder of the argument centers on the merits of the proposed counterclaim, which is based chiefly on events alleged to have occur in connection with a mediation in April 2015. However, the Moving Defendants do not mention that the deadline to amend their pleading pursuant to the Court's scheduling order expired more than a year earlier. They do not include any information regarding the reason for their delay in requesting an extension to the deadline to amend their pleading, nor does their motion provide good cause for granting any extension. Plaintiff argues that there is no good cause to extend the deadline for amending pleadings in this matter. Additionally, Plaintiff argues that even if the Court were to consider the Motion to Amend on its merits, the proposed counterclaim was compulsory, arising out of the same facts that gave rise to the original suit, and was therefore waived long ago. In their reply, moving Defendants argue that a February 24, 2017, state court judgment against them constituted a "new fact" that they did not know of prior to the deadline to amend their answer, and creates good cause for their belated timing.

The Moving Defendants did not move for leave to amend until over a year after the deadline to amend. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citations omitted). The Moving Defendants' proposed counterclaim is based on events that occurred in April 2015, before this lawsuit was even filed. The Moving Defendants did not act diligently – that is, carefully, conscientiously – to ensure that the appropriate counterclaims were included with their answer before the time expired. Although they argue that the February 24, 2017, state court judgment against them was a new event giving raise to the counterclaim, that fact does not create good cause to extend the amendment deadline. The state lawsuit was pending for some time prior to judgment, and the Moving Defendants had ample notice that Plaintiff did not intend to defend or indemnify them in that suit. Moreover, even if the state court judgment constituted a "new fact" giving rise to the counterclaim, the Moving Defendants still waited five months between that judgment and the filing of their Motion to Amend. The Court therefore finds no good cause for granting the requested extension and concludes that the Moving Defendants' delay in seeking to extend that deadline was not due to excusable neglect. Furthermore, allowing the Moving Defendants to assert a counterclaim at this late stage of the proceedings would unduly prejudice Plaintiff and delay the proceedings. Accordingly, it is inappropriate to allow the amendment or to reopen discovery at this time.

Plaintiff moves to strike the Moving Defendants' reply brief, repeatedly reiterating the well-settled proposition that arguments first raised in a reply brief are waived. Here, the arguments raised by the Moving Defendants in the reply brief were not "new;" they were posed in reply to a challenge raised by Plaintiff in its response. Plaintiff has had sufficient opportunity to respond to the arguments. Plaintiff also requests leave to file a sur-reply in opposition to the Motion to Amend, a

4

briefing that is unnecessary in this case. Finally, Plaintiff also requests that the Court strike the affidavit of William Woldt, attached as an exhibit to the Motion to Amend. The Court did not consider the affidavit of Mr. Woldt in determining that amendment is inappropriate, so Plaintiff's request is moot.

**III.     Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the Motion to Amend Answer [DE 37] and **DENIES** Plaintiff's Motion to Strike Defendants' Reply in Support of Motion to Amend Answer and Renewed Motion to Amend and Plaintiff's Motion for Leave to File Sur-Reply [41].

SO ORDERED this 8th day of January, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record